Hon. Evan A. Davis Counsel to the Governor
You have informed us that Mario Biaggi has officially resigned from his position as representative of the 19th Congressional District through letter accepted by the Secretary of State on August 24, 1988 (see Public Officers Law, § 31). You have requested our advice concerning the procedure for filling the vacancy in this office.
Under the United States Constitution, members of the House of Representatives are chosen every second year by the people of the states (Art I, § 2, cl 1). When vacancies occur in the office of representative from any state "the Executive Authority thereof shall issue Writs of Election to fill such Vacancies" (id., Art I, § 2, cl 4). The times, places and manner of holding elections for representatives are required to be prescribed in each state by its Legislature (id., Art I, § 4, cl 1). Thus, the United States Constitution requires that an election be held to fill a vacancy in the office of representative and provides that the procedure for conducting the election is to be established by state law.
The Constitution and statutes of New York provide for the filling of vacancies in elective offices by one of four methods: succession to office by operation of law; interim appointment by executive or legislative authority; election by the voters at a special election; or election by the voters at a general election. Of these four methods, only the latter two are applicable to the office of a representative in Congress.
Section 42 (1) and (4) of the Public Officers Law define the conditions which determine whether a vacancy in the office of representative in Congress is to be filled at a special election or at a general election. They provide, in relevant part, as follows:
 "1. A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election, except in the offices of governor or lieutenant-governor, shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election."
 "4. A special election shall not be held to fill a vacancy in the office of a representative in congress unless such vacancy occurs on or before the first day of July of the last year of the term of office, unless it occurs thereafter and a special session of congress is called to meet before the next general election, or be called after September nineteenth of such year . . . If a special election to fill an office shall not be held as required by law, the office shall be filled at the next general election."
You have informed us that the vacancy in the 19th Congressional District occurred after July 1, on August 24, and that no special session of Congress has been called. Thus, the statutory provisions prohibit the holding of a special election to fill the vacancy in the office of representative of the 19th Congressional District. Under these circumstances, the statute requires that the office be filled at the next regularly scheduled general election.
We are informed that the office of representative in the 19th Congressional District is to be filled at the general election scheduled to be held on November 8, 1988. We believe that section 42 (1) and (4) contemplate that the person elected at the general election take office immediately (see, Joseph v Corsi, 277 App. Div. 351, 353 [1st Dept, 1950] affd without opinion 301 N.Y. 742 [1950]). The mandatory language of these sections requires that the vacancy be filled at the general election. In the present context this language can be given effect only by the electee's immediate assumption of office. See also, Section 4 (1) of the Public Officers Law which provides that the term of an elective officer, "unless elected to fill a vacancy then existing," is to commence on the 1st day of January after the election. Also, this is not a situation where the law authorizes an appointment to fill the vacancy for the balance of the year (NY Const, Art XIII, § 3; Town Law, § 64
[5]; Informal Opinion No. 87-53; 1986 Op Atty Gen [Inf] 107; 1982 Op Atty Gen [Inf] 232). Where, as here, the office is vacant, the assumption of duties immediately upon election ensures representation and continuity of government.
We conclude that the person elected at the regularly scheduled general election November 8, 1988 for the office of representative of the 19th Congressional District will take office immediately upon his election to serve out the remainder of the unexpired term of this office and then will serve the new two year term beginning in January, 1989.